## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **LARRY A. THOMPSON,** | ) | **CASE NO. 8:12CV191** |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| **NEBRASKA DEPARTMENT OF** | ) | |
| **CORRECTIONS, ROBERT P.** | ) | |
| **HOUSTON, and FRED BRITTEN,** | ) | |
| | ) | |
| Respondents. | ) | |

This matter is before the court on Petitioner Larry A. Thompson's ("Petitioner" or "Thompson") Petition for Writ of Habeas Corpus ("Petition"). (Filing No. 1.) Liberally construing the allegations of Thompson's Petition, Thompson argues he is entitled to a writ of habeas corpus based on the following claims:

Claim One: Petitioner was denied due process of law and equal protection under the Fifth, Sixth, and Fourteenth Amendments *because* Petitioner did not make his no contest plea "knowingly, willingly, intelligently, and understandingly."

Claim Two: Petitioner was denied the effective assistance of trial counsel in violation of the Sixth Amendment *because* trial counsel (a) failed to object and advise Petitioner of his rights under the "Amended Information" and the "original Information"; (b) failed to file appropriate pretrial or other defense motions; (c) failed to advise Petitioner that he could file a motion to withdraw the plea for cause; (d) failed to preserve the issue of withdrawal of the plea for appeal; (e) failed to advise the court of the plea promise or make it part of the record; (f) failed to provide Petitioner with knowledge of the true charge and the charges in the "original Information" and "Amended Information"; (g) failed to object to the court misreading the charge; (h) failed to properly investigate and advise Petitioner regarding entering his no contest plea.

Claim Three: Petitioner was denied the effective assistance of appellate counsel in violation of the Sixth Amendment *because* appellate counsel (a) failed to brief and raise the issue of Petitioner's invalid guilty plea; (b) failed to brief and raise issues of ineffective assistance of counsel; (c) failed to brief and raise issues of judicial misconduct; (d) failed to question the court's

                        jurisdiction; and (e) failed to object, "move to quash," or move "for a plea inabatement" [sic].

Claim Four:           Petitioner's rights to a fair trial under the Fifth, Sixth, and Fourteenth Amendments were violated *because* the trial court (a) failed to advise Petitioner of his rights under the Amended Information and allowed trial counsel to waive those rights; (b) failed to record Petitioner's statement that there was a plea promise; (c) failed to correctly advise Petitioner of the punishment and penalty of his charges; (d) failed to correctly advise Petitioner of the charge upon which the plea was based; and (e) did not have subject matter jurisdiction.

(Filing No. 8 at CM/ECF pp. 1-2.) For the reasons set forth below, Thompson's Petition is dismissed with prejudice.

## I. BACKGROUND

### A. Thompson's Conviction and Direct Appeal

Thompson entered pleas of "no contest" to first-degree sexual assault of a child and third-degree sexual assault on April 16, 2010, in the Douglas County District Court. (Filing No. 10-10 at CM/ECF p. 15.) The Douglas County District Court sentenced Thompson to 49 to 50 years of imprisonment on the first-degree sexual assault of a child charge, and one year of imprisonment on the third-degree sexual assault charge. (*Id.* at CM/ECF p. 20.) Thompson timely appealed his conviction and sentence to the Nebraska Court of Appeals, which summarily affirmed the conviction and sentence. (Filing No. 10-3 at CM/ECF p. 2.) Thereafter, Thompson sought relief from the Nebraska Supreme Court in a petition for further review, which the Nebraska Supreme Court denied. (*Id.*) In his briefs to the Nebraska Court of Appeals and the Nebraska Supreme Court, Thompson argued that (1) he received an excessive sentence, and (2) his trial counsel was ineffective. (Filing No. 10-5 at CM/ECF pp. 3-4; Filing No. 10-7 at CM/ECF pp. 1-5.)

**B.    Thompson's Post-Conviction Motion and Appeal**

Thompson filed a pro se motion for post-conviction relief ("post-conviction motion") in the Douglas County District Court on June 7, 2011. (Filing No. 10-11 at CM/ECF pp. 31-42.) The Douglas County District Court denied Thompson's post-conviction motion on January 10, 2012. (*Id.* at CM/ECF pp. 20-27.) Thereafter, the Nebraska Court of Appeals found that it lacked jurisdiction over Thompson's appeal because Thompson had filed a notice of appeal on November 18, 2011, before the Douglas County District Court had ruled on the post-conviction motion. (Filing No. 10-4 at CM/ECF p. 2.) Thompson sought relief from the Nebraska Supreme Court in a petition for further review, which the Nebraska Supreme Court denied. (*Id.* at CM/ECF p. 2.)

**C.    Thompson's Petition for Writ of Habeas Corpus**

Thompson timely filed his Petition in this court on May 31, 2012. (Filing No. 1.) In response to Thompson's Petition, Respondent filed an Answer, a Brief, and the relevant state court records. (Filing Nos. 10, 12, and 13.) Thompson has not submitted a brief or any other filing in support of his Petition, and the time in which to do so has now passed. The court deems this matter fully submitted.

### II. DISCUSSION OF PROCEDURALLY-DEFAULTED CLAIMS

**A.    Standards for Procedural Default**

As set forth in 28 U.S.C. § 2254(b)(1):

(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–

    (A)    the applicant has exhausted the remedies available in the courts of the State; or

>(B)(i) there is an absence of available State corrective process; or
>(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

The United States Supreme Court has explained the habeas exhaustion requirement as follows:

>Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). A state prisoner must therefore "fairly present" the substance of each federal constitutional claim to the state courts *before* seeking federal habeas relief. In Nebraska, "one complete round" ordinarily means that each § 2254 claim must have been presented in an appeal to the Nebraska Court of Appeals, and then in a petition for further review to the Nebraska Supreme Court if the Court of Appeals rules against the petitioner. Akins v. Kenney, 410 F.3d 451, 454-55 (8th Cir. 2005).

In order to fairly present a federal constitutional claim to the state courts, the petitioner must refer to "a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue." McCall v. Benson, 114 F.3d 754, 757 (8th Cir. 1997) (internal quotation marks and citation omitted). "Presenting a claim that is merely similar to the federal habeas claim is not sufficient to satisfy the fairly presented requirement." Cox v.

4

*Burger*, 398 F.3d 1025, 1031 (8th Cir. 2005), *cert. denied*, 546 U.S. 844 (2005), (internal quotation marks and citations omitted). Moreover, where "no state court remedy is available for the unexhausted claim—that is, if resort to the state courts would be futile—then the exhaustion requirement in § 2254(b) is satisfied, but the failure to exhaust 'provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim, unless the petitioner can demonstrate cause and prejudice for the default.'" *Armstrong v. Iowa*, 418 F.3d 924, 926 (8th Cir. 2005), (quoting *Gray v. Netherland*, 518 U.S. 152, 162 (1996)). Stated another way, if a claim has not been presented to the Nebraska appellate courts and is now barred from presentation, the claim is procedurally defaulted, not unexhausted. *Akins*, 410 F.3d at 456 n. 1.

Under Nebraska law, "[a]n appellate court will not entertain a successive motion for postconviction relief unless the motion affirmatively shows on its face that the basis relied upon for relief was not available at the time the movant filed the prior motion." *State v. Ortiz*, 670 N.W.2d 788, 792 (Neb. 2003). Furthermore, "[a] motion for postconviction relief cannot be used to secure review of issues which were or could have been litigated on direct appeal." *Hall v. State*, 646 N.W.2d 572, 579 (Neb. 2002). In such circumstances, where a Nebraska state court rejects a claim on state procedural grounds, and issues a "plain statement that it is rejecting petitioner's federal claim on state procedural grounds," a federal habeas court is precluded from "reaching the merits of the claim." *Shaddy v. Clarke*, 890 F.2d 1016, 1018 (8th Cir. 1989), (internal quotation marks omitted). However, the state court procedural decision must "rest[] on independent and adequate state

5

procedural grounds." Barnett v. Roper, 541 F.3d 804, 808 (8th Cir. 2008), (internal quotation marks omitted).

To excuse a procedural default, a petitioner must demonstrate either cause for the default and actual prejudice as a result of the alleged violation of federal law or, in rare cases, that failure to consider the claim will result in a fundamental miscarriage of justice. Coleman v. Thompson, 501 U.S. 722, 750 (1991). Although there is no precise definition of what constitutes cause and prejudice, "the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Strickler v. Greene, 527 U.S. 263, 283 n. 24 (1999); *see also* Bell v. Attorney Gen. of State of Iowa, 474 F.3d 558, 561 (8th Cir. 2007), ("A cause is sufficient to excuse procedural default when it is external to the petitioner, and not attributable to the petitioner.").

**B.    Claims One and Four**

Thompson raises various equal protection and due process arguments in Claims One and Four. Specifically, he challenges the validity of the no-contest plea he entered on April 16, 2010, and also alleges various errors by the Douglas County District Court at his plea and sentencing hearings.

As discussed above, a habeas claim is procedurally defaulted if it was not fairly presented to the Nebraska state courts. See 28 U.S.C. § 2254(b)(1); *Akins*, 410 F.3d at 454-55. The issues Thompson raises in Claims One and Four relate to matters that occurred during Thompson's plea and sentencing hearings. As such, Thompson knew about these issues when he filed his direct appeal. Under Nebraska law, Thompson was

required to raise these issues on direct appeal. See Hall, 646 N.W.2d at 579, ("A motion for postconviction relief cannot be used to secure review of issues which were or could have been litigated on direct appeal.").

The only issues Thompson raised to the Nebraska state courts on direct appeal were that his trial counsel was ineffective, and he received an excessive sentence. (Filing No. 10-5 at CM/ECF pp. 3-4; Filing No. 10-7 at CM/ECF pp. 1-5.) In other words, he did not raise the issues he now presents in Claims One and Four on direct appeal. As such, Thompson did not fairly present Claims One and Four to the Nebraska state courts. Furthermore, Thompson did not file a brief in support of his Petition, or otherwise attempt to show cause to excuse the procedural default of these claims. As such, Claims One and Four are dismissed because they are procedurally defaulted, and Thompson has not shown cause to excuse the procedural default.

**C. Claim Two**

In Claim Two, Thompson argues he was denied the effective assistance of trial counsel. Claim Two has eight parts, which the court summarized in the introductory paragraphs of this Memorandum and Order. Under Nebraska law, Thompson was required to raise his claims of ineffective assistance of trial counsel on direct appeal because his appellate counsel was different from his trial counsel. See State v. Jim, 747 N.W.2d 410, 417-418 (Neb. 2008), (reiterating that in order to raise the issue of ineffective assistance of trial counsel, where appellate counsel is different from trial counsel, a defendant must raise on direct appeal any issue of ineffective assistance of trial counsel that is known to the defendant or is apparent from the record, or the issue will be procedurally barred on postconviction review).

Claim Two, Part (e), is the only part of Claim Two that Thompson arguably raised on direct appeal. That is, on direct appeal, Thompson argued that his trial counsel was ineffective because he induced him to plead no contest by promising him that he would receive a light sentence. (Filing No. 10-5 at CM/ECF pp. 8-9.) Thompson did not raise the remaining parts of Claim Two on direct appeal. As such, he did not fairly present them to the Nebraska state courts. Accordingly, Claim Two, Parts (a) through (d), and Parts (f) through (h), are dismissed because they are procedurally defaulted, and Thompson has not shown cause to excuse the procedural default. The court will address the merits of Claim Two, Part (e) below.

### D.     Claim Three

In Claim Three, Thompson argues he was denied the effective assistance of appellate counsel. Claim Three has five parts, which the court summarized in the introductory paragraphs of this Memorandum and Order. Thompson's first opportunity to raise Claim Three was in his post-conviction motion.

Thompson arguably raised parts of Claim Three in his post-conviction motion. (*See* Filing No. 10-11 at CM/ECF p. 40.) However, Thompson did not raise any part of Claim Three in his petition for further review to the Nebraska Supreme Court. (*See* Filing No. 10-8 at CM/ECF pp. 1-26; Filing No. 10-9 at CM/ECF pp. 1-5.) Furthermore, he failed to file a timely notice of appeal from the Douglas County District Court's order denying him post-conviction relief. (Filing No. 10-4 at CM/ECF p. 2 (showing Nebraska Court of Appeals dismissed appeal for lack of jurisdiction because Thompson filed premature notice of appeal).) For these reasons, Thompson did not fairly present any part of Claim Three to the Nebraska state courts. Accordingly, Claim Three is dismissed because it is

8

procedurally defaulted, and Thompson has not shown cause to excuse the procedural default.

### III. DISCUSSION OF CLAIM TWO, PART (e)

**A.    Standard Under 28 U.S.C. § 2254(d)**

When a state court has adjudicated a habeas petitioner's claim on the merits, there is a very limited and extremely deferential standard of review both as to the law and the facts. *See* 28 U.S.C. § 2254(d). Section 2254(d)(1) states that a federal court may grant a writ of habeas corpus if the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). As explained by the Supreme Court in *Williams v. Taylor,* 529 U.S. 362 (2000), a state court acts contrary to clearly established federal law if it applies a legal rule that contradicts the Supreme Court's prior holdings or if it reaches a different result from one of that Court's cases despite confronting indistinguishable facts. 529 U.S. at 405-406. Further, "it is not enough for [the court] to conclude that, in [its] independent judgment, [it] would have applied federal law differently from the state court; the state court's application must have been objectively unreasonable." *Rousan v. Roper,* 436 F.3d 951, 956 (8th Cir. 2006).

With regard to the deference owed to factual findings of a state court's decision, Section 2254(d)(2) states that a federal court may grant a writ of habeas corpus if a state court proceeding "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). Additionally, a federal court must presume that a factual determination made

9

by the state court is correct, unless the petitioner "rebut[s] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

As the Supreme Court noted, "[i]f this standard is difficult to meet, that is because it was meant to be." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011). The deference due state court decisions "preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [Supreme Court] precedents." *Id.* In short, "[i]t bears repeating that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* However, this high degree of deference only applies where a claim has been adjudicated on the merits by the state court. See *Brown v. Luebbers*, 371 F.3d 458, 460 (8th Cir. 2004), ("[A]s the language of the statute makes clear, there is a condition precedent that must be satisfied before we can apply the deferential AEDPA standard to [the petitioner's] claim. The claim must have been 'adjudicated on the merits' in state court.").

The Eighth Circuit clarified what it means for a claim to be adjudicated on the merits, finding that:

> AEDPA's requirement that a petitioner's claim be adjudicated on the merits by a state court is not an entitlement to a well-articulated or even a correct decision by a state court. . . . Accordingly, the postconviction trial court's discussion of counsel's performance–combined with its express determination that the ineffective-assistance claim as a whole lacked merit–plainly suffices as an adjudication on the merits under AEDPA.

*Worthington v. Roper*, 631 F.3d 487, 496-97 (8th Cir. 2011), (internal quotation marks and citations omitted). The court also determined that a federal court reviewing a habeas claim under AEDPA must "look through" the state court opinions and "apply AEDPA review to the 'last reasoned decision' of the state courts." *Id.* at 497. A district court should do "so

regardless of whether the affirmance was reasoned as to some issues or was a summary denial of all claims." Id. The Supreme Court agrees, stating:

> There is no text in the statute requiring a statement of reasons. The statute refers only to a "decision," which resulted from an "adjudication." As every Court of Appeals to consider the issue has recognized, determining whether a state court's decision resulted from an unreasonable legal or factual conclusion does not require that there be an opinion from the state court explaining the state court's reasoning.

Harrington, 131 S. Ct. at 784.

### B.     Claim Two, Part (e)

In Claim Two, Part (e), Thompson argues he was denied the effective assistance of counsel. Specifically, he argues trial counsel was ineffective because he promised Thompson a lesser sentence if he pled "no contest" to the charges against him, and he did not inform the trial court of this promise. The court must address Thompson's claim under the two-pronged standard of Strickland v. Washington, 466 U.S. 668 (1984).

#### 1.     *Strickland* Standard

*Strickland* requires that the petitioner demonstrate both that his counsel's performance was deficient, and that such deficient performance prejudiced the petitioner's defense. Id. at 687. The first prong of the *Strickland* test requires that the petitioner demonstrate that his attorney failed to provide reasonably effective assistance. Id. at 687-88. In conducting such a review, the courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. The second prong requires the petitioner to demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. A court need not address the reasonableness of the attorney's skills

and diligence if the movant cannot prove prejudice under the second prong of this test. *United States v. Apfel,* 97 F.3d 1074, 1076 (8th Cir. 1996). Further, as set forth in *Strickland*, counsel's "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable" in a later habeas corpus action. *Strickland,* 466 U.S. at 690.

Additionally, the Supreme Court has emphasized that the deference due the state courts applies with vigor to decisions involving ineffective assistance of counsel claims. *Knowles v. Mirzayance*, 556 U.S. 111 (2009). In *Knowles*, the Justices stressed that under the *Strickland* standard, the state courts have a great deal of "latitude" and "leeway," which presents a "substantially higher threshold" for a federal habeas petitioner to overcome. As stated in *Knowles*:

> The question is not whether a federal court believes the state court's determination under the *Strickland* standard as incorrect but whether that determination was unreasonable–a substantially higher threshold. . . . And, because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard.

*Id.* at 123 (internal quotation marks and citations omitted).

### 2. State Court Findings

On direct appeal, Thompson argued that his trial counsel was ineffective because he induced him to plead no contest by promising him that he would receive a light sentence. (Filing No. 10-5 at CM/ECF p. 9.) He raised this claim on appeal to the Nebraska Court of Appeals, and in a petition for further review to the Nebraska Supreme Court. (*Id.*; Filing No. 10-7 at CM/ECF p. 3.) In each instance, the Nebraska state courts rejected Thompson's argument.

> The Nebraska Court of Appeals did so in a one-page order:
>
> Motion of appellee for summary affirmance sustained; judgment affirmed. See Neb. Ct. R. App. P. § 2-107(B)(2). No abuse of discretion found in sentences imposed.  State v. Moore, 277 Neb. 111, 759 N.W.2d 698 (2009). *Claim of ineffective assistance of counsel considered and the record affirmatively demonstrates that such claim is without merit*. State v. Young, 279 Neb. 602, 780 N.W.2d 28 (2010).

(Filing No. 10-1 at CM/ECF p. 1 (emphasis added).)  After the Nebraska Court of Appeals denied relief on this issue, Thompson petitioned the Nebraska Supreme Court for further review, which also denied relief.  (Filing No. 10-3 at CM/ECF p. 2.)

### 3. Deference

The foregoing findings of fact and conclusions of law are entitled to deference under the statutory standard of review that applies to factual and legal conclusions reached by the state courts.  The Nebraska Court of Appeals reviewed all of the evidence and determined, based on *Strickland* and other federal and state law, that Thompson's trial counsel's performance was not deficient.  The court agrees.

Indeed, at the plea hearing, the following exchange occurred between the trial court and Thompson:

> THE COURT: And do you understand that under the Nebraska statutes, the sentencing range for conviction of a Class II felony is one to 50 years; do you understand that?
>
> THE DEFENDANT: Yes, Your Honor.
>
> THE COURT: And on a Class I misdemeanor, the sentencing range is up to a year in jail or a thousand dollar fine or both?
>
> THE DEFENDANT: Yes, Your Honor.
>
> THE COURT: And do you also understand that conviction on these charges subjects you, then, to compliance with the Sex Offender Registration Act?

13

THE DEFENDANT: Yes, Your Honor.

THE COURT: You understand that the Court may, in its discretion, sentence you to a lesser term than the maximum term or you may be considered for probation, but you should understand that I cannot promise you probation today because I don't know what the sentence or sentences will be yet; do you understand that?

THE DEFENDANT: Yes, Your Honor.

THE COURT: And I should also mentioned [sic] that, so I will at this time, that the Court may, in its discretion, run the two sentences together, concurrent, or one after the other, consecutive; do you understand that?
THE DEFENDANT: Yes, Your Honor.

THE COURT: Have you understood all of my questions so far?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Do you need to visit any further with your attorney?

THE DEFENDANT: No.

THE COURT: No? Okay. Has anyone told you or led you to believe that if you pled no contest, you would receive probation or be given a light sentence or somehow be rewarded for pleading no contest?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Make sure you understand my question, okay?

THE DEFENDANT: Okay.

THE COURT: Has anyone told you or led you to believe that if you pled no contest, you would receive probation or be given a light sentence or be rewarded for pleading no contest?

(Discussion held off the record between Mr. Miller [trial counsel] and the defendant)

THE DEFENDANT: No. Sorry, no.

THE COURT: I want to make sure. Do you understand my question?

THE DEFENDANT: Yeah, I understand.

>THE COURT: You've conferred with your attorney here?
>
>THE DEFENDANT: Yeah.
>
>THE COURT: And I've put the question to you twice. I want to make sure you understand. Would you like me to repeat it?
>
>THE DEFENDANT: No, no. I understand, Your Honor.
>
>THE COURT: And so nobody's made any promises to you?
>
>THE DEFENDANT: No.
>
>THE COURT: Okay. And, in fact, have there been any promises, threats, inducements or promises of leniency made by anyone, especially in law enforcement, to obtain your pleas of no contest?
>
>THE DEFENDANT: No.
>
>THE COURT: Do you feel that your pleas of no contest are your own free and voluntary act?
>
>THE DEFENDANT: Yes.

(Filing No. 10-12 at CM/ECF pp. 9-12.) This record affirmatively demonstrates that the trial court informed Thompson that it was within its discretion to sentence Thompson. In addition, this record demonstrates that Thompson informed the trial court twice that no promises were made to him, and his pleas were made freely and voluntarily.

The court has carefully reviewed the record and finds that the Nebraska state court decisions are not "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). Thompson has not submitted any evidence, let alone clear and convincing evidence, that the Nebraska state courts were incorrect in any of the factual determinations. 28 U.S.C. § 2254(e)(1). The grant of a writ of habeas corpus is not warranted on these issues because the Nebraska state courts correctly applied *Strickland* and other federal law.

IT IS THEREFORE ORDERED that:

1. Thompson's Petition (Filing No. 1) is dismissed with prejudice;

2. A separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 18th day of October, 2012.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge

---

∗This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.